# ORPHANS' COURT OF BALTIMORE CITY

Filed January 26, 1900.

IN THE MATTER OF THE ESTATE OF SAMUEL ENGLER.

*Rhodes & Rhodes* for caveators.

*Wm. T. Donaldson* and ex-Attorney-General *George R. Gaither* for the caveatees.

SAVAGE, C. J.—

The facts of record which this court has been called upon to review, and upon which it will now express its opinion and give its decision, are as follows: Samuel Engler, late of Baltimore City, and the State of Maryland, died December 11th, 1894, leaving no wife, child or children, grandchild or grandchildren, but leaving nine nieces and nephews.

On May 9th, 1895, the will of said Engler, dated September 15th, 1888, was admitted to probate without contest by this court, and letters testamentary were granted to Fielder C. Slingluff, who was named in said will as one of the executors. On January 22nd, 1898, certain nieces and nephews of the deceased filed in this court, through their attorneys, Messrs. Rhodes & Rhodes, a caveat to said will, therein alleging the usual grounds of objection and contest. The caveatees answered on July 21st, 1898, through their attorneys, Messrs. Gaither & Clabaugh, requesting proof of relationship and denying the allegations of the caveators. On a petition of the caveators, issues were framed and were transmitted on August 26th, 1898, to the Court of Common Pleas of Baltimore City, (Harlan, C. J.), for trial by a jury. The certified copy of the proceedings of the Court of Common Pleas of Baltimore City, which is now before us, concludes as follows: "And on the 28th day of November, 1899, a jury was empanelled and sworn to try the issues in this case, and afterwards, on the 4th day of December, 1899, the plaintiffs being duly called, refused to answer, and the said case being so concluded, is hereby certified to the Orphans' Court of Baltimore City."

The caveatees now petition this court to dismiss the caveat filed in this case, and to refuse to revoke the letters testamentary heretofore granted.

The questions involved are novel and important and have been ably argued. The learned counsel, and this court, after an exhaustive examination of the authorities, have not found reported a similar case. The cases cited and relied upon by counsel, relate to the legal effect of a dismissal by caveators of proceedings before a jury, and not to an actual or virtual non pros. We are, therefore, unaided by a judicial decision, and must rely upon what we believe to be correct legal principles.

The caveators, upon filing their petition in this court, had two courses open to them. They could have tried the issues before this court, and we would

then have had, undoubtedly and unreservedly, the decision upon them, or they could have asked, as they did, for issues to be sent to a court of law; for trial there by a jury. In either event, the sole question for decision would have been *devisavit vel non.* After a trial, which lasted five days, the caveators decided to avoid the finding of a jury by adopting the unprecedented course in such cases of refusing to answer when the jury was called. Under the law the Court of Common Pleas could not enter a judgment in any case on any finding by a jury on issues from this court; it can only certify to us the finding by the jury, and it then becomes our duty to render a judgment on the finding by the jury as certified. If the case had been an ordinary civil suit the refusal of the plaintiff to answer when called, would have resulted in a judgment of non pros, and the court would have so recorded it.

In this case the plaintiffs (the caveators here) "being duly called, refused to answer," and the Court of Common Pleas could only certify that fact to us. After careful consideration, we are of the opinion that the trial on the issues has resulted in a virtual non pros., and that in dealing with the certified proceedings we are to render judgment as if a judgment of non pros had been recorded and certified. The trial of issues in the Court of Common Pleas resulted, solely because of the refusal of the plaintiffs to answer when called, in a nullity. We believe we should so regard them.

We can see no difference in law between an actual judgment of non pros and the certified result in this case. It would be a grave abuse of the right indulgently allowed to plaintiffs to take a judgment of non pros, with the right to enter a new suit within the time allowed by law to permit caveators to remain silent, and thereby avoid or postpone the decision of issues raised by them, and thus protract indefinitely, and with much expense, loss and injury to all parties interested, the speedy settlement of estates. The advanced policy of our law, as evidenced by the Acts of 1894, chapter 405, which wisely limits the time within which a caveat can be filed to three years from the date of the probate of the will, is clearly antagonistic to such a vexatious, injurious and unjust course of proceeding. It was never contemplated,

we believe, that caveators should be allowed to so vex, delay and defeat others in interest.

The trial of the issues transmitted in this case was a failure, because of the course adopted at the end by the caveators, and the caveat became, in our opinion a legal nullity and a *brutum fulmen.* The case is now before us as if the caveators had abandoned their caveat. They can file in this court another caveat, and ask for issues, unless there be legal obstacles, which we do not now decide.

We, therefore, dismiss the caveat filed in the estate of Samuel Engler, deceased, refuse to revoke the letters heretofore granted, and order that the costs be paid by the caveators.